In the early case of Riojas v. State, 36 Tex.Cr.R. 182, 188, 36 S.W. 268, 270, it is said in a quotation from an early case (Waller v. Graves, 20 Conn. 305):

"* * * Evidence is cumulative which merely multiplies witnesses to any one or more of those facts before investigated, or only adds other circumstances of the same general character. But that evidence which brings to light some new and independent truth of a different character, although it tend to prove the same proposition or ground of claim before insisted on, is not cumulative, within the true meaning of the rule on this subject."

We think the trial court did not abuse his discretion when he failed to grant a new trial on the ground of newly discovered testimony. This being the only question presented to us for review, this judgment is accordingly affirmed.

## On Motion for Rehearing.

### HAWKINS, Presiding Judge.

In his motion for rehearing appellant insists that we were in error in not sustaining his contention that the judgment should be reversed because the trial court declined to grant a new trial on the ground of newly discovered evidence.

In order to consider the question intelligently it became necessary to again review the evidence upon the main trial and also that produced upon the hearing of the mo-

tion for new trial. This has been done. It would serve no useful purpose to set out the evidence in detail and to do so would extend this opinion to unpardonable length; therefore, we content ourselves with the statement of our conclusions only.

The question of diligence in not discovering the new evidence until after the trial may be debatable. However, a careful review of all the evidence presented on the trial, and upon the hearing of the motion for new trial, rather confirms our original opinion that the evidence claimed to be newly discovered is cumulative in that "it only adds other circumstances of the same general character" to the evidence produced upon the trial.

We, therefore, remain of the opinion that the trial court can not be held to have abused his discretion in overruling the motion for new trial.

The motion for rehearing is overruled.

### LAWSON v. STATE.
#### No. 23210.

Court of Criminal Appeals of Texas.

Nov. 7, 1945.

Ross Hardin and Stanley Bransford, both of Fort Worth, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

Upon his plea of guilty to the offense of selling whisky in a wet area without a permit from the Texas Liquor Control Board, appellant was assessed a fine of $100 and ten days in jail.

The record is before us without statement of facts or bills of exception. Nothing is presented for review.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.